IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LISA A. HOUSE,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and UNUM GROUP CORP.,<br><br>    Defendant. | Civil Action No. 1:17-cv-220 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Lisa A. House, and makes the following representations to the Court for the purpose of obtaining injunctive and/or equitable relief against the Defendants for their violations of an ERISA employee benefit plan, for the purpose of obtaining a clarifying order from this Court as to her eligibility for benefits, and for relief from Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Lisa House, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Lexington-Fayette County, Kentucky.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 342989, issued to Plaintiff's former employer, Toyota Motor Manufacturing U.S.A., Inc. ("Toyota"), and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

# FACTS

11. By virtue of her employment with Toyota, Plaintiff was enrolled in Toyota's Long Term Disability Plan, which is an ERISA employee welfare benefit plan (the "Plan").

12. Benefits under the Plan are insured by Unum Life under Group Long Term Disability Policy No. 342989, issued by Unum Life to Toyota.

13. Plaintiff is a participant or beneficiary of the Plan.

14. Plaintiff ceased work due to a disability in the year 2001, while covered under the Plan.

15. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

16. Unum Life approved Plaintiff's application and paid benefits beginning in June 2001 and continues paying those benefits to this date.

17. Plaintiff has had no improvement since the original decision to approve her claim over 15 years ago.

18. On May 31, 2017, Unum Life sent Plaintiff a letter indicating that they were investigating her claim and that she was scheduled to attend a medical examination with Dr. David Harries, a physiatrist, on June 16, 2017. (May 31, 2017 letter attached as Exhibit A).

19. Plaintiff appeared for this medical examination with the full intention of being examined, but Dr. Harries refused to examine her if she brought a witness to the examination or recorded the examination.

20. Plaintiff wished to have the examination recorded because the physician was hired by Unum and, should the doctor incorrectly report the nature of his examination or his

findings (either by mistake or design), she would be unable to provide evidence of this without a witness or a recording.

21. Despite explaining her concern to the doctor and indicating that she desired to comply with the examination, the doctor refused to examine her and sent her away without performing the examination.

22. Plaintiff contacted Unum after this event and explained again that she was willing to comply with Unum's request to have her examined, but wished to have the examination recorded and witnessed.

23. On June 21, 2017, Unum sent Plaintiff a letter rescheduling the medical examination with Dr. Harries on August 11, 2017. (June 21, 2017 letter attached as Exhibit B).

24. On June 22, 2017, Unum sent her a further letter stating that the examining doctor was not under an obligation to allow recording and they insisted on having the examination with that doctor, though they did not provide any reason for this insistence. (June 22, 2017 letter attached as Exhibit C).

25. On June 30, 2017, Plaintiff responded to Unum through the undersigned.

26. This June 30 letter provided the various reasons why an attending witness and a recording of a hired medical examination are critical to protect a claimant's rights in an ERISA claim, (given that ERISA claims are litigated primarily on a closed record and the court is unable to obtain a full record of the examination without a recording or a witness statement). (June 30, 2017 letter attached as Exhibit D).

27. The June 30 letter further provided legal support that supposedly "independent" medical examinations are not actually independent and allowing recording of such examinations helps protects all parties.

28. Additionally, the June 30 letter explained that Unum Life habitually grants claimants' requests to have such examinations recorded and provided proof that Unum had actually paid for a videographer in a similar situation previously and that its refusal here was arbitrary and caprious.

29. The June 30 letter noted that Unum could readily find another doctor who does not unjustifiably require that examinations be made without witness or recording and requested that reschedule the examination with such a doctor.

30. Finally, the June 30 letter asked Unum to point to any language in the policy or Plan or its own claims manual that stated that witnesses or recordings to a medical examination were not allowed.

31. On July 12, 2017, Unum replied in a letter that refused to allow her to bring a witness, but did not attempt to provide a reasonable explanation for the refusal, merely providing citations to a plan provision that did not support its refusal (citing simply to its right to obtain a medical examination, though that right in no way states that the medical examination cannot be witnessed or recorded). (July 12, 2017 letter attached as <u>Exhibit E</u>).

32. On July 18, 2017, Plaintiff sent another letter, noting that Unum had failed to cite to any plan provision supporting its position and also failed to deny that it habitually grants claimants the right to have examinations recorded (and that it pays for such recordings), reiterated her concern in not having the examination recorded. (July 18, 2017 letter attached as <u>Exhibit F</u>).

33. The July 18 letter further explained that its willingness to allow some claimants to have their examinations witnessed and recorded but refusal to allow this in her case was arbitrary and capricious and a breach of Unum Life's fiduciary duties.

34. The July 18 letter notes however that she remains willing to be examined so long as the examination is witnessed and recorded.

35. On July 21, 2017, Unum responded, stating that it maintained its refusal to allow her to bring a witness or have the examination recorded. (July 21, 2017 letter attached as <u>Exhibit G</u>).

36. On July 28, 2017, Plaintiff sent a final letter, asking Unum one more time to reconsider its unwarranted, unjustified, and unreasonable position. (July 28, 2017 letter attached as <u>Exhibit H</u>).

37. Further, the July 28 letter asked Unum to indicate plainly if it intended to deny Plaintiff's claim should she insist on having her claim witnessed and recorded.

38. On August 2, 2017, Unum Life responded again, essentially copying its previous response and denying her request. (August 2, 2017 letter attached as <u>Exhibit I</u>).

39. On August 9, 2017, Unum followed up this letter with a plain statement that it would deny her claim for failure to comply with the plan terms if she appeared at the examination with a witness or an intent to record the visit. (August 9, 2017 letter attached as <u>Exhibit J</u>).

40. Plaintiff is aware that Unum provides its employees with planned termination numbers and she believes that her claim has been identified as a claim to allow Unum to meet its planned numbers this period. See, Exhibit K, Portions of Deposition of Anthony Scuderi.

**<u>FIRST CAUSE OF ACTION</u>**
**<u>TO ENJOIN DEFENDANTS FROM TERMINATING PLAINTIFF'S CLAIM IN VIOLATION OF THE PLAN TERMS AND ITS FIDUCIARY DUTY AND/OR TO OBTAIN EQUITABLE RELIEF UNDER 29 U.S.C. §§ 1132(a)(3)</u>**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

41. Under the terms of the LTD Plan, Unum Life has the right to hire a doctor to perform a medical examination of beneficiaries such as Plaintiff.

42. Plaintiff has complied with the terms of the LTD Plan by attending the examination first scheduled on June 16, 2017 and affirming her willingness to similarly attend the August 11, 2017 examination.

43. The LTD Plan does not prohibit a beneficiary from having such an examination witnessed and/or recorded.

44. Defendants have provided no justifiable reason—either under the LTD Plan, or otherwise—for requiring Plaintiff to attend an examination with a doctor they hired without a witness or the ability to record the examination.

45. Requiring Plaintiff to attend such an examination without a witness or the ability to record is contrary to Defendants' practice with other similar beneficiaries.

46. Attending such an examination without a witness or the ability to record would cause Plaintiff irreparable and permanent harm because the report generated by the hired doctor, based on the unwitnessed and un-recorded examination, would be made a part of the ERISA record and she would have very limited, if any, ability to dispute the doctor's findings.

47. It is to the benefit of all parties for the examination to be witnessed and recorded to ensure that it is performed and reported in a fair and equitable manner.

48. It is to the benefit of the public in general to bar Defendants from denying claimants the ability to bring a witness or record such examinations when the plan or policy in question is silent and there is no otherwise reasonable justification.

49. It is arbitrary and capricious for Unum to allow (and even pay for) recordings for other claimants in similar situation with essentially identical plan/policy terms, but deny Plaintiff the right to do so.

50. Defendants have stated plainly that they intend to deny her benefits for non-compliance with the LTD Plan terms if she does not attend the hired examination without a witness and without the intent to record.

## SECOND CAUSE OF ACTION
## TO CLARIFY PLAINTIFF'S RIGHTS TO BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

51. Under the terms of the Plan and policy, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

52. Defendants have indicated that they intend to terminate her benefits should she attend the medical examination it scheduled with a witness or attempt to record the examination.

53. Defendants' threats to terminate Plaintiff's claim are not founded in any term or condition in the LTD Plan term, any provision or protocol in Defendants own claims manual, or its own past practice in regards to allowing witnesses or recordings of examinations.

54. The Defendants, as ERISA Fiduciaries, are not allowed to invent non-existent ERISA plan terms that are unfavorable to beneficiaries.

55. The Defendants, as ERISA Fiduciaries, are not allowed to treat similar claimants differently by allowing reasonable safeguards in one case, but denying it for no justifiable reason in another.

56. Defendants have no right to terminate Plaintiff's benefits when she has complied with the LTD Plan requirements by appearing and being willing to be examined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendants;

2. An Order enjoining Defendants from denying Plaintiff the ability to have the medical examination witnessed and recorded.

3. An Order enjoining Defendants from denying Plaintiff's claim for benefits for non-compliance with terms of the LTD Plan when she has complied with the terms in the actual LTD Plan.

4. An Order requiring the Defendants or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

7. A finding in favor of Plaintiff against the Defendants;

8. An Order from this Court clarifying that Plaintiff remains entitled to benefits under the Plan because she complied with the LTD Plan terms by presenting herself for the examination scheduled by Defendants.

9. An Order from this Court clarifying that Defendants cannot deny Plaintiff's claim based on extra-plan terms they invented that are unfavorable to Plaintiff.

10. Plaintiff's reasonable attorney fees and costs; and

11. Such other relief as this court deems just and proper.

Dated this 11th day of August, 2017.

                Respectfully submitted,

                ERIC BUCHANAN & ASSOCIATES, PLLC
                ATTORNEYS FOR PLAINTIFF

                BY:    */s/ Hudson T. Ellis*
                        Hudson T. Ellis (#28330)
                        414 McCallie Avenue
                        Chattanooga, TN 37402
                        (423) 634-2506
                        FAX: (423) 634-2505